UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RANDY A. LEHOUX, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 2:24-cv-00215-NT |
| | ) | |
| YORK COUNTY JAIL, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON PETITION FOR
WRIT OF MANDAMUS**

Petitioner asks the Court for a writ of mandamus directing the dismissal of criminal charges pending in state court. (Petition, ECF No. 1.) While the bases of Petitioner's request are difficult to discern, regardless of Petitioner's reasoning, Petitioner is not entitled to the relief he seeks.

A federal court does not have the authority to issue a writ of mandamus to direct a state court to issue an order or otherwise to direct state courts or judicial officers in the performance of their official duties. *In Re Martinez*, 778 Fed. App'x 198, 199 (3rd Cir. 2019); *Cross v. Thaler*, 356 Fed. App'x 724, 725 (5th Cir. 2009); *Woods v. Weaver*, 13 Fed. App'x 304, 306 (6th Cir. 2001); *In re Austin*, 8 Fed. App'x 253, 254 (4th Cir. 2001); *White v. Ward*, 145 F.3d 1139, 1140 (10th Cir. 1998).

Even if the Court were to construe Plaintiff's complaint to seek a different form of relief, dismissal is required because as a general rule, *Younger v. Harris*, 401 U.S. 37 (1971), requires abstention from the exercise of jurisdiction when a plaintiff seeks relief in federal court from a pending state criminal prosecution or analogous civil enforcement

proceeding.  *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72–73, 78 (2013); *Sirva Relocation, LLC v. Richie,* 794 F.3d 185, 192–93 (1st Cir. 2015).  Abstention is mandatory absent "extraordinary circumstances," such as: (1) an action "brought in bad faith . . . for the purpose of harassment," (2) "the state forum provides inadequate protection of federal rights," or (3) the challenged "state statute is flagrantly and patently violative of express constitutional prohibitions" or there is "a facially conclusive claim of [federal] preemption."  *Sirva Relocation,* 794 F.3d at 192, 197.

Plaintiff has not alleged sufficient facts to permit a plausible finding of extraordinary circumstances to overcome the abstention mandated by *Younger*.  For example, Plaintiff has not plausibly demonstrated that the state courts refuse to permit him to raise federal claims in that forum.  Accordingly, I recommend the Court dismiss the petition.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 24th day of June 2024.